LE BROCQ v. CHILDS et al.

(Circuit Court, E. D. New York. January 11, 1908.)

PATENTS—ACTION FOR INFRINGEMENT—PLEADING—COMPLAINT—SUFFICIENCY.

A complaint in an action to recover damages for the fraudulent procuring of a patent by defendants in the name of one of them for an invention alleged to have been made by plaintiff *held* to state a cause of action on demurrer.

At Law. On demurrer to complaint.

H. B. Philbrook, for plaintiff.

Niles & Johnson, for defendants.

CHATFIELD, District Judge. The plaintiff, having made an arrangement with the defendants to secure a patent upon his invention for a certain appliance upon terms included in the contract, has brought suit, charging the defendants with having fraudulently and knowingly obtained a patent for the same invention in the name of one of the defendants, to the damage of the plaintiff. The complaint shows that upon the first application and upon an amended application to the Patent Office the defendants were unable to secure a patent upon the plaintiff's invention, although the entire claims were not rejected upon the amended application. The defendants subsequently obtained a patent for what the plaintiff alleges is the same invention, with certain changes in the specifications and in the claims as stated, which the plaintiff alleges were immaterial.

The defendants demur, and claim that the plaintiff in his complaint sets forth an allegation that he pointed out to the defendants certain changes in his invention, and that, therefore, upon the face of the complaint, it is apparent that the plaintiff did not comply with his contract. It seems to the court that the demurrers of the defendants admit the allegations of the plaintiff that the changes were immaterial, and that it is a necessary inference from the entire language of the complaint

that the inventions, so far as the patentability of the idea or the scope of the invention are concerned, are alleged to have been alike. The plaintiff could have framed his complaint for a specific performance, or for damages for breach of contract; but he has chosen to allege fraud, and may even therein be limited to the terms of the contract as the measure of damage. But a cause of action seems to have been sufficiently set forth, and the demurrers will be overruled, with leave to answer within 20 days, upon the entry of an order herein.